UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BRYANT EUBANKS,

    Petitioner,

v.                                                       Case No. 5:11-cv-546-Oc-30TBS

WARDEN, FCC COLEMAN- MEDIUM,

    Respondent.
_____/

## ORDER DISMISSING PETITION

Petitioner, *pro se*, initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner is a federal prisoner at the Coleman Federal Correctional Complex within this district. Petitioner is challenging a conviction and sentence imposed in the Southern District of Florida.[1] Petitioner claims that he is "actually innocent" of his career offender sentence. Petitioner also seeks relief via application of the Fair Sentencing Act of 2010 and maintains he received ineffective assistance of counsel. Respondent has filed a response to the Petition (Doc. 4), maintaining the Petition is due to be dismissed because his arguments are foreclosed by *Gilbert vs. United States*, 640 F. 3d 1293 (11th Cir. 2011)(*en banc*).

---

[1] *See USA v. Eubanks*, case no. 0:07-cr-60285-WPD. *See also United States v. Eubanks*, 334 Fed. App'x. 967 (11th Cir. 2009). Petitioner pled guilty to violating 21 U.S.C. §841(a)(1), which prohibits possessing with intent to distribute 5 or more grams of cocaine base. The Southern District of Florida court sentenced Petitioner to a 188-month sentence, followed by 5 years' supervised release.

**Discussion**

In his Petition, Petitioner attacks the validity of his conviction and sentence rather than the means of execution. Petitioner unsuccessfully pursued relief under 28 U.S.C. § 2255 in the sentencing court.[2] Thus, it is clear that Petitioner is now pursuing relief in this Court under § 2241 because filing a motion under § 2255 would be barred as a successive petition. See 28 U.S.C. § 2255. However, under these circumstances Petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241. Section 2255 states that an application such as this "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, <u>or that such court denied him relief</u>[.]"

The Petitioner seeks to avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255 which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." However, the unavailability of relief under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar does not demonstrate that the § 2255 remedy is inadequate or ineffective. *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999). In *Wofford*, the Eleventh Circuit held that:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court

---

[2] *See Eubanks v. United States,* case no. 0:10-cv-60902-WPD. Doc. 4, Ex. 1.

> decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal <u>or first § 2255 motion</u>.

Id. (emphasis added).

Petitioner has not demonstrated that he is entitled to pursue his claims under the savings clause pursuant to *Wofford*. Moreover, this petition is squarely foreclosed by the *en banc* decision of the Court of Appeals in *Gilbert vs. United States*, 640 F. 3d 1293 (11th Cir. 2011)(*en banc)*. The Eleventh Circuit has "categorically state[d], . . . that the savings clause does not apply to sentencing claims, at least not to those where the sentence imposed was within the statutory maximum." *Gilbert*, 640 F.3d at 1315 (rejecting attempt to bring a § 2241 claim that petitioner had been wrongly sentenced as a career offender under U.S.S.G. § 4B1.1). Petitioner was sentenced to a term of imprisonment within the statutory maximum.

Petitioner is not entitled to relief under the Fair Sentencing Act of 2010 ("FSA"). The FSA does not apply to Petitioner because he was sentenced before the August 3, 2010 effective date of the FSA, and the FSA is not retroactive. *United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir. 2010). In light of these conclusions, which unmistakably govern the disposition of the petition in this case, Petitioner is not entitled to habeas relief in this § 2241 proceeding.

**Conclusion**

Accordingly, the Petition is **DISMISSED with prejudice** and the Clerk is directed to terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on May 7, 2012.

*[Signature: James S. Moody, Jr.]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record